UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MESHA LEEER. BETTY BARTON and
CECILY YOUNG, individually and o/b/o a class of
similarly situated persons                                                                                    PLAINTIFFS

v.                                           No. 6:20-cv-06119

ALTICE USA, INC. D/B/A SUDDENLINK
COMMUNICATIONS                                                                                                  DEFENDANT

**OPINION AND ORDER**

Three motions have been filed in this case and have been pending for some time, because the Court has been informed by the parties that parallel litigation is ongoing in state court. The Court recently asked for an update from the parties and was informed that, of the several cases pending in Arkansas state courts, at least one is before the Arkansas Court of Appeals and ripe for decision as to the issue of whether the parties should be compelled to arbitrate their dispute. That issue is at the heart of two of the motions currently pending before the Court:[1] a motion to compel arbitration and a motion to certify the arbitration issue to the Arkansas Supreme Court.

The Court views the salient legal question at hand to be as follows:

Where no signed, written agreement exists between the parties, is an arbitration clause valid and enforceable against a party who receives notice of such terms by reference to a website on an invoice?

Federal courts sitting in diversity must apply the substantive law of the forum state as declared by the state's legislature in a statute or by its highest court in a decided case. *Erie Railroad Co. v. Tompkins*, 304. U.S. 64, 78 (1938). This often presents a problem when a federal court is

---

[1] The third motion is a motion to dismiss, which was filed by Defendant as an alternative to the motion to compel arbitration. As such, the arbitration issue must be resolved as a primary matter before the motion to dismiss can be addressed, if it needs to be addressed at all.

1

confronted with an unresolved issue of state law. In such a scenario, a federal court essentially has two options. One option is to make an "Erie-educated guess" as to what the state supreme court would rule if confronted with the same issue. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010). The other option is for the federal court to avail itself of a procedure established by the rules of the highest state court for certification of legal questions involving an unresolved issue of law. Whether a federal court decides to certify a question of law to a state supreme court is a matter left to the sound discretion of the federal court. *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881 (8th Cir. 1996).

In this case, the Court finds that there is a third option—the Court can stay this matter to allow the arbitration issue an opportunity to be addressed in the normal course of proceedings in the parallel actions already pending in state court. This option allows those matters to proceed organically and for the issue to be fully briefed and addressed in the Arkansas Supreme Court's normal course of business. This option, though, still allows the Court to potentially benefit from guidance from the Arkansas courts, and to avoid a potential divergence in what this Court decides and what is decided by the Arkansas state courts on the same issue. This option further allows the Court to give this litigation some clarity of direction, with a stay filed of record, while the state-court litigation proceeds.

For all of the above reasons, IT IS ORDERED that this case is STAYED pending development and potential resolution of the issue of arbitrability in parallel state-court litigation. The parties are directed to file a joint status report if and when any decision on the issue of arbitrability is made by an Arkansas appellate court. The Court will decide at that time whether to continue the stay to allow for further proceedings or to lift the stay.

IT IS FURTHER ORDERED that Defendant's motions to Compel Arbitration (ECF No.

7) and to Dismiss (ECF No. 9) are DENIED WITHOUT PREJUDICE to Defendant's ability to refile such motions once the stay in this case is lifted, if warranted and desired.

      IT IS FURTHER ORDERED that Plaintiffs' Motion to Certify (ECF No. 27) is DENIED WITHOUT PREJUDICE to Plaintiffs' ability to refile such a motion if the issue of arbitrability has not been ultimately addressed on the merits by the Arkansas Supreme Court at the time the stay in this case is lifted.

      IT IS SO ORDERED this 14th day of December 2022.


                                        /s/ Robert T. Dawson
                                        **ROBERT T. DAWSON**
                                        **SENIOR U.S. DISTRICT JUDGE**